A summons was issued in this case, calling on the de-. fendant to shew cause why a writ of partition should not issue, to divide certain negroes, mentioned in the will of the late Philip Smith, deceased, between the complainant and Thomas W. Price and his wife.
s The clause of the will, in question, is in the following words:
« Also, I give and bequeath unto Gen. Pinckney, N. ■Russel and John Lloyd, and to the survivors, &c. and the heirs and assigns of such survivors, the following nesrroes, called, viz : ("Here follow the names of the ne-groes) to have and to hold, to them the said trustees and the survivors, &c. upon the special trust and confidence, and for the several uses, intents and purposes, herein mentioned of and concerning the same negro slaves with their issue and increase last above mentioned ; and to and for no other use, intent or purpose, whatsoever, that is to say, that they, the said trustees, and the survivors, &c. shall permit and suffer my son, Philip Skir-ving Smith, upon his arrival at the age of 21 years, and his lawful heir, to have, use and occupy, possess and enjoy, all and singular, the last abovemenfioned negro slaves, with their issue and increase, and of the free use, benefit and profits, arising from the labor and work of the said negro slaves, for and during the term of his natural life 5 and after his death, I give and bequeath all the use whereof I have hereby bequeathed for any time to my son, P. S. Smith, to the children of the said Philip S. Smith, lawfully to be begotten, or to such one or more of them, and in such parts and proportions, manner and form, as the said P„ S. Smith Shalt, at any *166 time or times, after his arrival at the age of 21 years, by any writing or writings under his hand and seal, duty attested by two or more credible witnesses, direct, jjmit an(j appoint; and far want of such direction, limitation and appointment, then to the use of all and every £jie cpjj(] and children of the said Philip S. Smith, lawfully to be begotten, forever, to be equally divided between them, if more than one, share and share alike $ and for default of such issue, I give and bequeath all the said last mentioned slaves, with their issue and increase, to my daughters Mary and Charlotte, equally to be.divided ; or in case they, my said daughters, shall be then dead, to and among their children, or such child or children, or either of them, as shall then be living. But in case one only of them, my said daughters, shall upon the contingency aforesaid, be dead, leaving issue, it is my will that all the said slaves, with their issue and increase, shall be, by my executors and the survivor, &c. equally divided, one half to my surviving daughter, and the other to the child or children of my deceased daughter5 and in case one of my daughters shall be then dead, without issue, then that all and the whole of the said slaves, herein last abovementioned, with their issue and increase, shall go to my surviving daughter, to whom, upon the contingency, uses and trusts, intents and purposes, herein beforemontioned, limited, expressed and declared of, for, and concerning this my last will and testament.”
The testator died, leaving Ms last will and testament in full force; and leaving alive his son and daughters mentioned in his will. The son is since dead, after hav- , ' ing attained 21 years of age, but without leaving wife or child.
It is contended, that the limitation over to the two daughters is too remote and void j that the whole estate vested absolutely in the son, P. S. Smith j and that upon his death, without issue and intestate, his sister Charlotte being of the whole blood, is entitled to all the said negroes, with their increase j and that his sister- *167 Mary, being of the half blood, is not entitled to any of the said negroes, and therefore is not entitled to a writ of partition.
' I have looked into the doctrine applicable to this question, and into the reported cases illustrative of this doctrine. The rule is, that a devise over, of real or personal estate, on the first devisee's dying, without heirs, generally, is void ; yet there are many exceptions to the rule. The multitude of decided cases explain those exceptions. Thus a devise to one and his heirs, with an executory devise over, limited to take place on an event, which must happen within the compass ofalifein being; as where a testator devised to A. and his heirs, and ifhe should die before 21, then to B. and his heirs. This was a good executory de~ devisetoB. Fearn on executory devises, 181. Upon the same principle, though an executory devise to vest on a dying without issue generally, is not good, because too remote, yet where the dying without issue is restrained to the period of a life in being, an executory devise thei’oon limited will be good. Ib. 182, Duke of Norfolk’s case. Same doctrine in Sheffield vs. Londondery, 2 Atk. 282. But the Court of Chancery has very much inclined to lay hold of any words in the will, relating to terms or other personal estates, to tie up the generality of expression, of dying without issue, to living at the time of the person’s decease, lb. 186. Thus, where a testator devised to his son A. for life, and no longer, and after his decease to such of A’s issue as A. should by will appoint; and in case A. should die without issue then he devised the lands over. These words upon the whole of the will were construed to mean issue living at his death-; because it was to be intended such issue as A. should or might appoint the term to, viz. issue then living. Fearn, 188. Target vs. Gaunt. 1 P. Wms. 482, and Hockly vs. Manly, 3 Bro. Rep. 82.
Both these last cases have a direct application to the case under consideration. Indeed this is a stronger case than those. So too, 1 P. Wms. 534, Hughes vs. Layer. In the case of Atkinson vs. Hutchinson, 3. P. Wms. *168 258, Lord Hardwicke explains tbe doctrine very clear-]y and fully. He there states that the rule which had ^e8n insisted upon, that whatever words of a will in the qase a freehold will create an estate tail, the same, when made use of with respect to a term, will pass an absolute interest in such term, seems to be laid down too broadly. In that case the Lord Chancellor decided that the intention of the testator being plain, that if A. died and left no issue, the devise over should take effect, he Would give effect to such intention, and permit the devise over to operate.
JEL A. BjGsaussuke, for complainants-
Beat TON, for defendants,-
In the case under consideration, I am of opinion, that the intention of the testator is plain, that if his son should die without leaving issue the devise over should take effect. The power of appointment given to the son, as it is expressed, and the subsequent limitations to the daughters and the survivor of them, if one of them should die withoxit issue at the happening of the contingency, which must be taken to mean at the time of the •death of the brother, shews clearly that the testator did not mean an indefinite failure of issue. It was to take effect within a life, or lives, in being, and therefore is not too remote. I consider the devise over good and effectual; therefore the applicant for the writ of .partition is entitled to it.
There was no appeal.